IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONSTANCE GARY, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-208-RGA |
| R C FABRICATORS, INC. | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 30th day of May, 2012;

Plaintiff filed the instant action on January 30, 2012, in the Superior Court of the State of Delaware in and for New Castle County raising claims under the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 710, *et seq.*, federal law, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Delaware common law. Defendant removed the action to this Court on February 21, 2012, which it could because of Plaintiff's federal claims.

Plaintiff recently filed a Combined Motion for Leave to File an Amended Complaint and Motion to Remand. (D.I. 22.) Defendant opposes the motion. Plaintiff seeks to delete/remove all federal causes of action (all of which are pursuant to Title VII) from the Complaint because "she may have prematurely asserted the causes of action by mistake and inadvertence" prior to receiving the EEOC right-to-sue letter. The right-to-sue letter, attached to the motion, is dated March 28, 2012, approximately two months following the filing of the original Complaint.

In addition, Plaintiff seeks remand to State Court upon amendment/deletion of the federal claims. While Plaintiff is adamant that she is not dismissing the Title VII claims, but merely amending the Complaint by deleting them, in reality it appears that she seeks to voluntarily dismiss the claims. The proposed amended complaint includes the following "disclaimer:"

> The Plaintiff disclaims any federal cause of action arising under the Constitution, treaties, or other laws of the United States. To the extent this paragraph conflicts with any cause of action herein, this paragraph controls.

Despite this "disclaimer," Plaintiff states in her Motion to Amend that she may "possibly assert her federal rights in the district court at a later time." (D.I. 22 at ¶ 9.) Plaintiff is seemingly unaware that a plaintiff filing claims under the DDEA "'shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both [State] Superior Court and the federal forum.'" *Schlifke v. Trans World Entertainment Corp.*, 479 F. Supp. 2d 445, 450 n.8 (D. Del. 2007) (quoting 19 Del. C. § 714(c)).

In addition, Plaintiff mistakenly asserts that, because she had not received the EEOC right-to-sue letter prior to filing her Complaint, this Court did not have subject matter jurisdiction at the time of removal. The receipt of a right-to-sue letter indicates that a complainant has exhausted administrative remedies and, therefore, a complainant may not bring a Title VII suit without having first received one. *See e.g., Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Notably, the failure to exhaust administrative remedies is a defense similar to

2

the statute of limitations. It does not affect the District Court's subject matter jurisdiction. *See Phillips v. Sheraton Soc'y Hill*, 163 F. App'x 93, 94 (3d Cir. 2005).

Plaintiff is further mistaken in her belief that she erred in including Title VII claims in her Complaint prior to receiving the EEOC right-to-sue letter. While exhausting administrative remedies is a condition precedent to filing a Title VII suit, the failure to obtain a right-to-sue letter is a defect cured by issuance of the letter after the Complaint has been filed. *See Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984). Therefore, any defect that may have existed with regard to the exhaustion of administrative remedies was cured when the EEOC issued its right-to-sue letter on March 28, 2012, and Plaintiff filed it with the Court. The Title VII claims are now properly before the Court.

In reading her motion, it appears that Plaintiff, who appears *pro se*, misconstrues the law. Moreover, her intent as to the federal claims is unclear. She cannot do everything she is trying to do. She must either dismiss her federal claims, in which event the case will be remanded to Superior Court and her federal claims will be forever barred; or she must proceed with her federal claims in this Court, in which event she will not be able to seek recovery on her DDEA claims. *See Schlifke, supra*, 479 F. Supp. 2d at 450 n.8.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff shall advise the Court within twenty-one (21) days from the date of this order whether she intends to:

1. Proceed with her federal claims that are properly before this Court; or

2. Amend the Complaint, effectively dismissing with prejudice all federal claims, and proceed solely on state claims.

3

3. The Court holds in abeyance its rulings on all outstanding motions (D.I. 6, 12, 22) pending Plaintiff's compliance with this Order.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE