IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CONSTANCE GARY,  :
        Plaintiff,  :
        v.  : Civ. No. 12-208-RGA
          : Del. Super. Ct.
R C FABRICATORS, INC.  : No. N11C-12-208 FSS
        Defendant.  :

## MEMORANDUM

Pending before the Court are Defendant's Motion to Dismiss, Plaintiff's Motion to Remand, and Plaintiff's Combined Motion for Leave to File an Amended Complaint and Motion to Remand. (D.I. 6, 10, 22.) Plaintiff filed the instant action on January 30, 2012, in the Superior Court of the State of Delaware in and for New Castle County raising claims under the Delaware Discrimination in Employment Act, 19 Del. C. § 710, et seq., Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and Delaware common law. Defendant removed the action to this Court on February 21, 2012.

After review of Plaintiff's Combined Motion for Leave to File an Amended Complaint and Motion to Remand, the Court ordered her to advise whether she intended to proceed with her federal claims or amend the Complaint and proceed solely on state claims. (D.I. 22, 26.) Plaintiff advises that she seeks to amend her Complaint, proceed solely on state claims, and dismiss with prejudice the federal claims. (See D.I. 27)

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to

which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff is aware of the consequences of dismissing her federal claims with prejudice. Accordingly, the court will grant the Motion to Amend. The Clerk of Court will be directed to file the proposed amended complaint attached at Exhibit A to Docket Item 22.

The federal claims in this case are being dismissed through amendment. The remaining claims arise under Delaware law, and those claims are before this Court due to supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). An amendment to a

2

complaint after removal designed to eliminate a federal question, however, will not defeat federal jurisdiction. See Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990).

The district court in this situation has discretion to weigh the interest in exercising jurisdiction alongside the interests of economy, convenience, fairness, and comity. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988). See also 28 U.S.C. § 1441(c). Among the factors the Court should consider is whether the plaintiff has engaged in manipulative tactics by deleting the federal claims.

At this stage of the proceeding it does not appear that the plaintiff's Motion to Amend and delete the federal claims is manipulative, in the sense of being a dilatory tactic or an unwarranted expense. In addition, the Court finds that, because this case is early in the litigation process, judicial economy, convenience, and fairness do not balance in favor of exercising supplemental jurisdiction. Moreover, only Plaintiff's State law claims are pending and, therefore, remand is appropriate in the interest of comity. The State law claims predominate, and the Court would not serve any federal interest by retaining jurisdiction. Accordingly, the balance of factors point toward declining to exercise supplemental jurisdiction over the remaining State law claims. See Carnegie-Mellon, 484 U.S. at 350 n.7. Therefore, the Court will grant the Motion to Remand.

For the above reasons, the Court will grant the Motion for Leave to File an Amended Complaint and Motion to Remand (D.I. 22), will deny without prejudice Defendant's Motion to Dismiss (D.I. 6), and will deny as moot the first Motion to Remand (D.I. 10). All federal claims will be dismissed with prejudice. Plaintiff's

remaining claims, all of which arise under Delaware law, will be remanded to the Superior Court of the State of Delaware in and for New Castle County.

An appropriate order will be entered.

*Richard G. Andrews*
United States District Court  6/13/12